IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION

FREDDIE JOHNSON,                          :
                                         :
      Plaintiff,                         :
                                         :
v.                                       :      Civil Action No.
                                         :      2:26-CV-00092-SCJ-AWH
EXPERIAN INFORMATION                     :
SOLUTIONS, INC.,                         :
                                         :
      Defendants                         :

**<u>ORDER</u>**

Plaintiff, proceeding *pro se*, filed a Complaint against Defendants for violations of the Fair Credit Reporting Act and the Fair Debt Collection Practices Act. Doc. 1. Plaintiff did not indicate the Division of Court in the caption of his Complaint, Doc. 1, but he apparently filed the Complaint in the Clerk's Office for the Gainesville Division, <u>see</u> Doc. 1-4, and this case has been assigned to the Gainesville Division. Plaintiff asserts venue in this District "because Plaintiff resides in this district, Defendant conducts business in this district, and communications giving rise to this action occurred in this district." <u>See </u>Doc. 1 ¶ 2. Plaintiff resides in Gwinnett County, <u>see</u> Doc. 1-3, which is in the Atlanta Division of the Northern District of Georgia, not the Gainesville Division. <u>See</u> Appendix A to Local Rules for the Northern District of Georgia, Appendix A-2.

1

By Order entered April 2, 2026, the Court directed Plaintiff to show cause no later than April 23, 2026 why this case should not be transferred to the Atlanta Division, and the Court informed Plaintiff that if he did not respond to the Order, the Court would transfer the case to the Atlanta Division. Doc. 4. Plaintiff did not respond to the Order.

The FCRA provides that an action under that Act "may be brought in any appropriate United States district court," 15 U.S.C. § 1681p, but it does not specify where the action should be filed. The FDCPA similarly provides that an action to enforce liability may be brought in "any appropriate United States district court," 15 U.S.C. § 1692k(d), without specifying where the action should be filed. In the absence of more specific venue provisions, the general venue statute, 28 U.S.C. § 1391(b), controls. See Walker v. Nationstar Mortg. LLC, 142 F. Supp.3d 63, 67 (D.D.C. 2015) (noting that the general venue provision of 28 U.S.C. § 1391(b)(1)-(2) governs limits the FDCPA's "very general venue provision"); Mendez v. Law Offices of Cohen & Slamowitz LLP, No. 2:11-cv-04504 (WJM), 2011 U.S. Dist. LEXIS 133152, at *4–8 (D. N.J. Nov. 17, 2011) (applying venue provisions of 28 U.S.C. § 1391(b) to FCRA claims); Shumake v. Enhanced Recovery Co., No. 4:11cv161-RH/WCS, 2011 U.S. Dist. LEXIS 61489, at *2 (N.D. Fla. Apr. 21, 2011) (explaining that because FCRA's venue provision "does not specify where a

2

case should be filed, . . . [t]he general venue statute controls, 28 U.S.C. §

1391(b)"), adopted by 2011 U.S. Dist. LEXIS 59712 (N.D. Fla. May 27, 2011).

28 U.S.C. § 1391 provides in relevant part that "[a] civil action may be

brought in—

> (1) a judicial district in which any defendant resides, if all defendants
> are residents of the State in which the district is located;
> (2) a judicial district in which a substantial part of the events or
> omissions giving rise to the claim occurred, or a substantial part of
> property that is the subject of the action is situated; or
> (3) if there is no district in which an action may otherwise be brought
> as provided in this section, any judicial district in which any defendant
> is subject to the court's personal jurisdiction with respect to such
> action.

28 U.S.C. § 1391(b)(1)-(3). Plaintiff asserts venue in this District "because

Plaintiff resides in this district, Defendant conducts business in this district, and

communications giving rise to this action occurred in this district," see Doc. 1 ¶ 2,

but he has not alleged that any of the events or omissions giving rise to his claims

occurred in the Gainesville Division, see generally Doc. 1. His claims appear to

rest largely on communications between Plaintiff and Defendants, but Plaintiff

resides in Gwinnett County, see Doc. 1-2, which is in the Atlanta Division of the

Northern District of Georgia, not the Gainesville Division. See Appendix A to

Local Rules for the Northern District of Georgia, Appendix A-2. Accordingly, the

proper Division for this case is the Atlanta Division of the United States District

3

Court for the Northern District of Georgia, which Plaintiff has not disputed in response to the Court's April 2nd Order, Doc. 4.

The Clerk is therefore **DIRECTED** to transfer this action to the Atlanta Division pursuant to 28 U.S.C. § 1406(a).[1]

**IT IS SO ORDERED** this 27th day of April, 2026.

Anna W. Howard
United States Magistrate Judge

---

[1] Courts in this district have determined that an order transferring venue is a non-dispositive matter within a magistrate judge's authority because it does not address the merits of a case. See, e.g., Kash v. Precision Spine, Inc., No. 1:23-cv-05665-SCJ-JKL, 2024 U.S. Dist. LEXIS 252562, at *1 n.1 (N.D. Ga. June 4, 2024) (collecting cases).