## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## GAINESVILLE DIVISION

FREDDIE JOHNSON,                          )
                                          )
    Plaintiff,                        )
                                          )
v.                                        )      **Civil Action No.:**
                                          )      **1:26-cv-2330**
MIDLAND CREDIT MANAGEMENT,                )
INC. et al.,                              )
                                          )
    Defendants.                       )

## ANSWER TO PLAINTIFF'S COMPLAINT

### I.    INTRODUCTION

1.    This is an action for damages brought by individual consumer Freddie Johnson, against Defendants Experian Information Solutions, Inc. ("Experian"), for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"), and Defendants Midland Credit Management, Inc. ("MCM"), and I.C. System, Inc. ("IC System") for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

**Response:  MCM admits this is an action by Plaintiff purporting to allege violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. (the "FCRA") and the Fair Debt Collections Practices Act, 15 U.S.C. § 1692 et seq. (the "FDCPA"). To the extent Paragraph 1 contains any allegations against MCM or any other allegations not expressly admitted, those allegations are denied.**

1

## II.   JURISDICTION AND VENUE

2.   Jurisdiction of this court arises under 15 U.S.C. § 1681(p), 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331. The venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because Plaintiff resides in this district, Defendant conducts business in this district, and communications giving rise to this action occurred in this district.

**Response:   MCM admits that the Court has subject matter jurisdiction over this case, that venue is proper, and that MCM conducts business in the Northern District of Georgia. MCM is without knowledge or information sufficient to admit or deny the remaining allegations contained in Paragraph 2 and therefore denies the same.**

## III.   PARTIES

3.   Plaintiff is a natural person residing in Lawrenceville, Georgia.

**Response:   MCM is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 3.**

4.   Plaintiff is a "consumer" as defined under 15 U.S.C. § 1681a(c) of the FCRA.

**Response:   MCM is without knowledge or information sufficient to admit or deny the allegations in Paragraph 4.**

5.   Experian is a "consumer reporting agency" that compiles and maintains files on consumers nationwide, as defined under 15 U.S.C. § 1681a(p) of the FCRA. Experian is regularly engaged in the business of compiling and maintaining files on consumers for the purpose of furnishing consumer reports to third parties regarding a consumer's creditworthiness, credit standing, or credit capacity.

**Response:   Admitted.**

6.   MCM is a "debt collector" defined under 15 U.S.C. § 1692a(6) of the FDCPA.

**Response:   MCM admits that, under certain circumstances, it falls within this definition, but MCM lacks sufficient knowledge or information to admit or deny whether those circumstances exist here.**

7.    MCM is engaged in the collection of debt from consumers using the mail and telephone. MCM regularly attempts to collect consumers' debt alleged to be due to another. The alleged debt arose from a financial obligation that was primarily for personal, family, or household purposes and is therefore a "debt" as that term is defined under 15 U.S.C. § 1692a(5) of the FDCPA.

**Response:   MCM lacks knowledge or information sufficient to admit or deny under what circumstances the debt arose and therefore denies the same. The remaining allegations contained in Paragraph 7 purport to state legal conclusions to which no response is required. To the extent a response is required, denied.**

8.    IC System is a "debt collector" defined under 15 U.S.C. § 1692a(6) of the FDCPA.

**Response:   Paragraph 8 contains a legal conclusion to which no response is required. To the extent a response is required, MCM lacks knowledge or information sufficient to admit or deny whether IC System meets this definition and therefore denies the same.**

9.    IC System is engaged in the collection of debt from consumers using the mail and telephone. IC System regularly attempts to collect consumers' debt alleged to be due to another. The alleged debt arose from a financial obligation that was primarily for personal, family, or household purposes and is therefore a "debt" as that term is defined under 15 U.S.C. § 1692a(5) of the FDCPA.

**Response:   Paragraph 9 contains a legal conclusion to which no response is required. To the extent a response is required, MCM lacks knowledge or**

3

**information sufficient to admit or deny the allegations in Paragraph 9 and therefore denies the same.**

## IV.   FACTUAL ALLEGATIONS

10.   On or around February 9th, 2026, Plaintiff obtained a copy of his consumer credit disclosure from Experian.

**Response:   MCM is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 10 and therefore denies the same.**

11.   The consumer credit disclosure contained false, inaccurate, and incomplete information, including but not limited to:

- **Names:**

a.   JOHNSON FREDDIE

b.   F L JOHNSON

c.   FREDDIE JOHNSONIII

- **Addresses:**

a.   780 MOROSGO NE DR, ATLANTA GA, 30324-9101

b.   358 LEEDALE ST, ALBANY NY, 12209-2126

c.   340 ORANGE ST, ALBANY NY, 12206-3119

d.   2198 CHESHIRE BRIDGE NE RD, ATLANTA GA, 30324-4274

e.   9 OAKBROOK MNR APT J, RAVENA NY, 12143-1033

f.   4531 GOLD CREEK TRL, SUGAR HILL GA, 30518-2873

g.   PO BOX 14087, ATLANTA GA, 30324-1087

h.      PO BOX 26, SELKIRK NY, 12158-0026

i.      326 1ST ST, ALBANY *NY,* 12206-3105

j.      9 OAKBROOK MNR, RAVENA NY, 12143-1055

k.      4513 GOLD CREEK TRL, SUGAR HILL GA, 30518

l.      1. 6241 CENTENNIAL LN, ATLANTA GA, 30349-8630

m.      103 MARSDALE CT, SELKIRK NY, 12158-9703

n.      2461 KENNEDY SW LN, MARIETTA GA, 30060-6612

o.      2329 CHESHIRE BRIDGE NE RD STE 110, ATLANTA GA, 30324

p.      780 MOROSGO NE DR UNIT 14087, ATLANTA GA, 30324-9043

q.      920 HALL NW ST, ATLANTA GA, 30318-4715

r.      1635 PIRKLE RD APT 1203, NORCROSS GA, 30093-2158

s.      14 MOORE ST FL 2, ALBANY NY, 12202-1215

t.      351 SECOND AVE, ADAMS MA, 01220

- **Date of Birth**

a.      1975

- **Accounts:**

a.      ACIMA DIGITAL FKA SIMPLE - 793XXXX

b.      LENDINGPOINT LLC - LAI005XXXXX

c.      NAVY FEDERAL CR UNION - 500001XXXXX  XXX

d.      NY CHILD SUPPORT ENFC - BV443XXXX

e.   SANTANDER CONSUMER USA - 300002XXX

f.   UNIVERSAL PAYMENT CORP - 873XXXX

g.   WFBNA CARD - 446542XXXXXXXXXX

**Response:   MCM is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 11 and therefore denies the same.**

12.   On or around February 15th, 2026, Plaintiff mailed a written dispute letter to Experian via USPS Certified Mail (Tracking # 9207 1902 3589 0900 0037 6395 74). The names, addresses, phone numbers, employers, and accounts listed in the letter were described and spelled out for Experian to understand. **See Exhibit A.**

**Response:   MCM admits Exhibit A to Plaintiff's Complaint is a letter Plaintiff addressed to Experian on February 14, 2026. Exhibit A speaks for itself. MCM is without knowledge or information sufficient to either admit or deny when, if, and by what means Plaintiff purportedly mailed Exhibit A to Experian.**

13.   On or around February 20th, 2026, Experian received Plaintiff's dispute letter.

**Response:   MCM is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 13, so MCM denies the same.**

14.   On or around February 26th, 2026, rather than conducting a reasonable reinvestigation within the thirty-day period required under 15 U.S.C. § 168 li(a)(1)(A), Experian emailed Plaintiff a message and/or response commonly known as a "Stall Letter" or "Stall Tactic":

*i. We received a recent request regarding your credit information that does not appear to have been sent directly by you or to be authorized by you. As a*

*precautionary measure, we have not taken any action of your alleged request ....etc.*

**See Exhibit B.**

**Response:   The allegation contained in Paragraph 14 is not directed at MCM, so no response is required. To the extent a response is required, MCM is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 14, so MCM denies the same..**

15.     The email did not state that Experian had completed a reinvestigation, nor did it provide verification of the disputed information. In fact, the email suggests that Experian did nothing in response to Plaintiff's dispute letter.

**Response:   The allegation contained in Paragraph 15 is not directed at MCM, so no response is required. To the extent a response is required, Exhibit B speaks for itself..**

16.     Upon information and belief, Experian routinely utilizes this email correspondence in response to consumer disputes submitted by mail.

**Response:   The allegation contained in Paragraph 16 is not directed at MCM, so no response is required. To the extent a response is required, MCM is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 16, so MCM denies the same.**

17.     Upon information and belief, Experian's use of such correspondence operates to delay, impede, or otherwise interfere with its obligation to conduct a reasonable reinvestigation, thereby frustrating the consumer's right to have disputed information verified, corrected, or deleted as required by the FCRA.

**Response:   The allegation contained in Paragraph 17 is not directed at MCM, so no response is required. To the extent a response is required, denied.**

18.     Plaintiff's dispute letter indicated that it was submitted directly by Plaintiff and that

7

no third party was involved. The letter further advised that Experian could contact Plaintiff directly at the phone number provided in the event of any questions or concerns regarding the dispute. However, Experian did not undertake any effort to contact Plaintiff for purposes of clarifying or verifying the dispute.

**Response:   The allegation contained in Paragraph 18 is not directed at MCM, so no response is required. To the extent a response is required, MCM is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 18, so MCM denies the same.**

19.    Upon Plaintiff's request for verification, and in accordance with its standard procedures, Experian did not evaluate or consider any of Plaintiff's information, claims, or evidence, and did not make any attempt to substantially or reasonably verify the names, addresses, phone numbers, employers, and accounts listed in Plaintiff's dispute letter.

**Response:   The allegation contained in Paragraph 19 is not directed at MCM, so no response is required. To the extent a response is required, MCM is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 19, so MCM denies the same.**

20.    Instead, Experian continued to report false, inaccurate, incomplete, or unverifiable information regarding the names, addresses, phone numbers, employers, and accounts listed in Plaintiff's consumer credit disclosure.

**Response:   The allegation contained in Paragraph 20 is not directed at MCM, so no response is required. To the extent a response is required, MCM is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 20, so MCM denies the same.**

**A. Personal Information**

21.   Experian continued to inaccurately report twenty-four (24) items of personally identifiable information, including incorrect names, addresses, and phone numbers in Plaintiff's consumer disclosure.

**Response:   The allegation contained in Paragraph 21 is not directed at MCM, so no response is required. To the extent a response is required, MCM is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 21, so MCM denies the same.**

22.   Plaintiff provided a copy of her Driver's License, Social Security Card, and Utility Bill, which more than sufficiently verified her identity and provided Experian with all information necessary to conduct a reasonable investigation and promptly correct or delete the inaccurate personally identifiable information.

**Response:   The allegation contained in Paragraph 22 is not directed at MCM, so no response is required. To the extent a response is required, MCM is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 22, so MCM denies the same.**

23.   Had Experian looked in even the most cursory way at the dispute letter, it would have seen that the errors were obvious, and the personally identifiable information would have been corrected or deleted.

**Response:   The allegation contained in Paragraph 23 is not directed at MCM, so no response is required. To the extent a response is required, MCM is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 23, so MCM denies the same.**

**B. Accounts**

24.   Experian continued to inaccurately report information regarding seven (7) accounts, including balances, payment histories, balance histories, and the statuses

9

of these accounts.

**Response:   The allegation contained in Paragraph 24 is not directed at MCM, so no response is required. To the extent a response is required, MCM is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 24, so MCM denies the same.**

25.    Experian failed to report the Date of First Delinquency for these accounts. The Date of First Delinquency is used to ensure compliance with the Fair Credit Reporting Act, and it *must* be reported according to the Consumer Data Industry Association (CDIA), Credit Reporting Resource Guide (Metro 2® Guidelines).

**Response:   The allegation contained in Paragraph 25 is not directed at MCM, so no response is required. To the extent a response is required, MCM is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 25, so MCM denies the same.**

26.    Upon information and belief, each furnisher reported the Date of First Delinquency for its respective account; however, Experian refused to include it in Plaintiff's credit file.

**Response:   MCM admits that it furnished complete and accurate information regarding Plaintiff's account with MCM.  The remaining allegations contained in Paragraph 26 are not directed at MCM, so no response is required. To the extent a response is required, MCM is without knowledge or information sufficient to either admit or deny the remaining allegations contained in Paragraph216, so MCM denies the same.**

27.    Had Experian looked in even the most cursory way at the dispute letter, it would have seen that the errors were obvious, and the accounts would have been corrected or deleted.

**Response:   The allegation contained in Paragraph 27 is not directed at MCM, so no response is required. To the extent a response is required, MCM is**

**without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 27, so MCM denies the same.**

28.    Without any explanation or reason, Experian continues to report this false and inaccurate information about Plaintiff, resulting in the derivation of a credit score that does not accurately reflect Plaintiff's creditworthiness.

**Response:    The allegation contained in Paragraph 28 is not directed at MCM, so no response is required. To the extent a response is required, MCM is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 28, so MCM denies the same.**

**C. Damages**

29.    Experian has refused to invest the time, money, and effort to carry out its obligations under the FCRA.

**Response:    The allegation contained in Paragraph 29 is not directed at MCM, so no response is required. To the extent a response is required, MCM is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 29, so MCM denies the same.**

30.    Experian negligently, recklessly, and/or willfully violated the requirement of a reasonable investigation as required under the FCRA.

**Response:    The allegation contained in Paragraph 30 is not directed at MCM, so no response is required. To the extent a response is required, MCM is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 30, so MCM denies the same.**

31.    Experian has continued to report, even after Plaintiff mailed a letter disputing the inaccurate names, addresses, phone numbers, employers, and accounts, and thus failed to use all reasonable procedures to assure maximum possible accuracy of Plaintiff's credit file.

11

**Response:   The allegation contained in Paragraph 31 is not directed at MCM, so no response is required. To the extent a response is required, MCM is without knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 31, so MCM denies the same.**

32.    The result is that obviously wrong, inaccurate, and/or incomplete information regarding the names, addresses, phone numbers, employers, and accounts were allowed to remain on Plaintiff's credit file.

**Response:   The allegation contained in Paragraph 32 is not directed at MCM, so no response is required. To the extent a response is required, MCM lacks knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 32 and therefore denies the same.**

33.    Experian has allowed users to access Plaintiff's consumer report before the dispute, during the dispute time period, and even after the investigations (if any) were completed.

**Response:   The allegation contained in Paragraph 33 is not directed at MCM, so no response is required. To the extent a response is required, MCM lacks knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 33 and therefore denies the same.**

34.    Certainly, after Plaintiff notified Experian, they knew the names, addresses, phone numbers, employers, and accounts should not and could not remain on Plaintiff's credit file unless corrected.

**Response:   The allegation contained in Paragraph 34 is not directed at MCM, so no response is required. To the extent a response is required, MCM lacks knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 34 and therefore denies the same.**

35.    However, Experian refused not only to conduct a proper reinvestigation under Section 1681i but also refused to remove the Accounts under Section 1681e(b),

12

which is the maximum possible accuracy.

**Response:   The allegation contained in Paragraph 35 is not directed at MCM, so no response is required. To the extent a response is required, MCM lacks knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 35 and therefore denies the same.**

36.    By allowing the names, addresses, phone numbers, employers, and accounts to remain on Plaintiff's credit file with the inaccurate, incomplete, unverifiable, and/or contradictory information, Experian created and allowed misleading information which more likely than not misled users of Plaintiff's credit file prepared by Experian, to believe Plaintiff's credit file was 100% accurate and should be considered when evaluating Plaintiff for whatever purpose the users had when accessing Plaintiff's credit file.

**Response:   The allegation contained in Paragraph 36 is not directed at MCM, so no response is required. To the extent a response is required, MCM lacks knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 36 and therefore denies the same.**

37.    On or around February 17th, 2026, Plaintiff was denied an American Express Gold credit card from American Express, which obtained information from Experian, and used that information in making their credit decision.

**Response:   MCM is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 37 and therefore denies the same.**

38.    As a result of the conduct, action, and inaction of Experian, Plaintiff has suffered actual damages, including but not limited to decreased FICO score, inability to obtain a credit card, inability to purchase and benefit from credit, damage to reputation, emotional

distress, mental anguish, frustration, anger, embarrassment, and humiliation.

**Response: The allegation contained in Paragraph 38 is not directed at MCM, so no response is required. To the extent a response is required, MCM lacks knowledge or information sufficient to either admit or deny the allegations contained in Paragraph 38 and therefore denies the same.**

*Facts related to Midland Credit Management Inc.*

39. On or about November 25th, 2025, Plaintiff received an email from MCM attempting to collect a debt in the amount of $1279.48 allegedly owed to Credit One Bank, N.A.

**Response: Denied.**

40. On or around December 15th, 2025, Plaintiff replied to the email stating, "I refuse to pay", pursuant to 15 U.S.C. § 1692c(c).

**Response: Denied.**

41. Despite receiving Plaintiff's notice, MCM continued its attempt to contact Plaintiff by email on February 15th, 2026, February 22nd, 2026, March 1st, 2026, and March 29th, 2026, by phone on January 21st, 2026, January 29th, 2026 (twice), February 18th, 2026, and March 17th, 2026, and by mail on March 11th, 2026, in violation of 15 U.S.C. § 1692c(c).

**Response: Denied.**

42. Plaintiff fears absent this complaint, MCM will continue to contact him.

**Response: MCM is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 42 and therefore denies the same.**

43.     As a result of the conduct, action, and inaction of MCM, Plaintiff has suffered actual damages, including but not limited to anger, loss of productive time, harassment, emotional distress, invasion of privacy, mental anguish, and frustration.

**Response:   Denied.**

*Facts related to IC System*

44.     On or around February 9th, 2026, Plaintiff obtained a copy of her consumer credit disclosure from Experian, in which IC System was reporting a tradeline.

**Response:   The allegation contained in Paragraph 44 is not directed at MCM, so no response is required. To the extent a response is required, MCM is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 44 and therefore denies the same.**

45.     IC System furnished a trade line of $129, allegedly owed to Comcast Xfinity.

**Response:   The allegation contained in Paragraph 45 is not directed at MCM, so no response is required. To the extent a response is required, MCM is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 45 and therefore denies the same.**

46.     On or about February 11th, 2026, Plaintiff sent a letter to IC System via certified mail, which indicated he was disputing the tradeline.

**Response:   The allegation contained in Paragraph 46 is not directed at MCM, so no response is required. To the extent a response is required, MCM is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 46 and therefore denies the same.**

47.     IC System received the letter on February 17th, 2026.

**Response:   The allegation contained in Paragraph 47 is not directed at MCM, so no response is required. To the extent a response is required, MCM is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 47 and therefore denies the same.**

48.     On or about March 25th, 2026, Plaintiff re-checked his credit report and observed that IC System failed to communicate that the debt was disputed by Plaintiff.

**Response:   The allegation contained in Paragraph 48 is not directed at MCM, so no response is required. To the extent a response is required, MCM is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 48 and therefore denies the same.**

49.     On or around February 17th, 2026, Plaintiff was denied an American Express Gold credit card from American Express, which obtained information from Experian, including the tradeline reported by IC System, and used that information in making their credit decision.

**Response:   The allegation contained in Paragraph 49 is not directed at MCM, so no response is required. To the extent a response is required, MCM is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 49 and therefore denies the same.**

50.     As a result of the conduct, action, and inaction of IC System, Plaintiff has suffered actual damages, including but not limited to decreased FICO score, inability to obtain a credit card, inability to purchase and benefit from credit, damage to reputation, emotional distress, mental anguish, frustration, anger, embarrassment, and humiliation.

**Response:   The allegation contained in Paragraph 50 is not directed at MCM, so no response is required. To the extent a response is required, MCM is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 50 and therefore denies the same.**

## V.    COUNT 1

### VIOLATION OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681e(b)
### AGAINST DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.

51.    Plaintiff incorporates by reference paragraphs 1-38 of this Complaint.

**Response:  MCM incorporates by reference its responses to the previous allegations.**

52.    After receiving the dispute, Experian failed to correct the false information

reporting on Plaintiff's credit report and/or credit file.

**Response:   The allegation contained in Paragraph 52 is not directed at MCM, so no response is required. To the extent a response is required, MCM is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 52 and therefore denies the same.**

53.    Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow

reasonable procedures to assure maximum possible accuracy in the preparation of

the credit reports and credit files it published and maintained concerning Plaintiff.

**Response:   The allegation contained in Paragraph 53 is not directed at MCM, so no response is required. To the extent a response is required, MCM is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 53 and therefore denies the same.**

54.    As a result of the conduct, action, and inaction of Experian, Plaintiff has suffered

actual damages, including but not limited to decreased FICO score, inability to obtain a

credit card, inability to purchase and benefit from credit, damage to reputation, emotional

distress, mental anguish, frustration, anger, embarrassment, and humiliation.

**Response:   The allegation contained in Paragraph 54 is not directed at MCM, so no response is required. To the extent a response is required, MCM is**

17

**without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 54 and therefore denies the same.**

55. The conduct, action, and inaction of Experian were willful, rendering Experian liable to Plaintiff for punitive damages pursuant to 15 U.S.C. § 1681n.

**Response:   The allegation contained in Paragraph 55 is not directed at MCM, so no response is required. To the extent a response is required, MCM is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 55 and therefore denies the same.**

56. In the alternative, Experian was negligent, and Plaintiff is entitled to recover damages under 15 U.S.C. § 1681o.

**Response:   The allegation contained in Paragraph 56 is not directed at MCM, so no response is required. To the extent a response is required, MCM is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 56 and therefore denies the same.**

57. Plaintiff is entitled to recover costs from Experian pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**Response:   The allegation contained in Paragraph 57 is not directed at MCM, so no response is required. To the extent a response is required, MCM is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 57 and therefore denies the same.**

## VI.    COUNT 2

### VIOLATION OF THE FAIR CREDIT REPORTING ACT
### 15 U.S.C. § 1681i
### AGAINST DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.

58. Plaintiff incorporates by reference paragraphs 1-38 of this Complaint.

**Response:   MCM incorporates by reference its responses to the previous allegations.**

18

59.     After receiving the dispute, Experian failed to correct the false information reported on Plaintiff's credit report and/or credit file.

**Response:   The allegation contained in Paragraph 59 is not directed at MCM, so no response is required. To the extent a response is required, MCM is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 59 and therefore denies the same.**

60.     Experian violated 15 U.S.C. § 1681i by failing to conduct a reasonable reinvestigation, failing to provide notification of the dispute to any person who provided any item of information in dispute, and failing to delete information that was inaccurate, incomplete, or cannot be verified.

**Response:   The allegation contained in Paragraph 60 is not directed at MCM, so no response is required. To the extent a response is required, MCM is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 60 and therefore denies the same.**

61.     Without any explanation or reason, Experian continues to report this unverifiable, inaccurate, and otherwise incomplete information about Plaintiff.

**Response:   The allegation contained in Paragraph 61 is not directed at MCM, so no response is required. To the extent a response is required, MCM is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 61 and therefore denies the same.**

62.     As a result of the conduct, action, and inaction of Experian, Plaintiff has suffered actual damages, including but not limited to decreased FICO score, inability to obtain a credit card, inability to purchase and benefit from credit, damage to reputation, emotional distress, mental anguish, frustration, anger, embarrassment, and humiliation.

**Response:   The allegation contained in Paragraph 62 is not directed at MCM, so no response is required. To the extent a response is required, MCM is**

**without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 62 and therefore denies the same.**

63. The conduct, action, and inaction of Experian were willful rendering Experian liable to Plaintiff for punitive damages pursuant to 15 U.S.C. § 1681n.

**Response: The allegation contained in Paragraph 63 is not directed at MCM, so no response is required. To the extent a response is required, MCM is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 63 and therefore denies the same.**

64. In the alternative, Experian was negligent, and Plaintiff is entitled to recover damages under 15 U.S.C. § 1681o.

**Response: The allegation contained in Paragraph 64 is not directed at MCM, so no response is required. To the extent a response is required, MCM is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 64 and therefore denies the same.**

65. Plaintiff is entitled to recover costs from Experian pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**Response: The allegation contained in Paragraph 65 is not directed at MCM, so no response is required. To the extent a response is required, MCM is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 65 and therefore denies the same.**

## VII. COUNT 3

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. § 1692c(c) AGAINST DEFENDANT MIDLAND CREDIT MANAGEMENT, INC.

66. Plaintiff incorporates by reference paragraphs 1-9 and 39-43 of this Complaint.

**Response: MCM incorporates by reference its responses to the previous allegations.**

67.    MCM violated the Fair Debt Collection Practices Act.

**Response:    Denied.**

68.    MCM violated 15 U.S.C. § 1692c(c) of the FDCPA by failing to cease collection after receiving written notice.

**Response:    Denied.**

69.    As a result of the above violations of the FDCPA, MCM is liable to Plaintiff for actual damages, statutory damages, and costs.

**Response:    Denied.**

## VIII. COUNT 4

**VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
15 U.S.C. § 1692e(8)
AGAINST DEFENDANT I.C. SYSTEM, INC.,**

70.    Plaintiff incorporates by reference paragraphs 1-9 and 44-50 of this Complaint.

**Response:  MCM incorporates by reference its responses to the previous allegations.**

71.    IC System violated the Fair Debt Collection Practices Act.

**Response:    The allegation contained in Paragraph 71 is not directed at MCM, so no response is required. To the extent a response is required, MCM is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 71 and therefore denies the same.**

72.    IC System violated 15 U.S.C. § 1692e(8) of the FDCPA by failing to communicate to the consumer reporting agencies, including Experian, that the alleged debt was disputed by Plaintiff.

**Response:    The allegation contained in Paragraph 72 is not directed at MCM,**

21

**so no response is required. To the extent a response is required, MCM is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 72 and therefore denies the same.**

73.     As a result of the above violations of the FDCPA, IC System is liable to Plaintiff for actual damages, statutory damages, and costs.

**Response:   The allegation contained in Paragraph 73 is not directed at MCM, so no response is required. To the extent a response is required, MCM is without knowledge or information sufficient to admit or deny the allegations contained in Paragraph 73 and therefore denies the same.**

## IX.   JURY DEMAND AND PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully demands a jury trial and requests that judgment be entered in favor of Plaintiff and against Defendants' for:

A.     The greater of statutory damages of $1,000 per incident and Plaintiff's actual damages, pursuant to 15 U.S.C. § 168 ln(a)(1)(A), or Plaintiff's actual damages pursuant to 15 U.S.C. § 168 lo(a)(1);

B.     Punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

C.     Actual damages pursuant to 15 U.S.C. § 1692k(a)(1).

D.     Statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A).

E.     Costs of the action pursuant to pursuant to 15 U.S.C. § 1681n(a)(3) and/or 15 U.S.C. § 1681o(a)(2), and 15 U.S.C. § 1692k(a)(3); and

F.     Any other equitable relief the court may deem just and appropriate.

**Response:   MCM denies the allegations contained in the Paragraph titled "Jury Demand and Prayer for Relief," including subparagraphs A through F.**

22

## AFFIRMATIVE DEFENSES

At the time of the preparation of this Answer, MCM is unaware of all the facts and circumstances giving rise to the claims set forth in Plaintiff's Complaint. The following affirmative defenses are raised so as not to be waived as a matter of law. These affirmative defenses will be relied upon to the extent the facts developed show that they apply.

1.     Plaintiff's Complaint fails to state a claim upon which relief may be granted.

2.     To the extent Plaintiff's claims are subject to binding, mandatory arbitration and/or a jury trial waiver, MCM does not waive and, in fact, expressly reserves the right to compel arbitration or move to strike the jury demand.

3.     Any recovery is barred, or must be reduced, as a proximate result of Plaintiff's failure to mitigate any alleged damages.

4.     Any alleged damages sustained by Plaintiff were, at least in part, caused by the actions of Plaintiff or resulted from Plaintiff's own inattention, which equaled or exceeded any wrongdoing by MCM.

5.     Any alleged damages sustained by Plaintiff were, at least in part, caused by the actions of others or resulted from the actions and/or omissions of third parties.

6.     Plaintiff lacks standing to bring this action, as she has not suffered any concrete injury in fact as a result of any acts or omissions taken by MCM.

7.      If MCM violated any applicable statutory provision, which is expressly denied, such violation resulted from good faith reliance upon incorrect information (the existence of such incorrect information being expressly denied) offered by another person.

8.      Recovery of punitive or exemplary damages is barred, or must be limited, under, among others, the provisions of the contracts clause and the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.

9.      To the extent Plaintiff discovered the alleged actions or omissions that form the basis of her claims for violation of the FDCPA predate one year prior to the filing of Plaintiff's Complaint, such claims are barred by the applicable statute of limitations.

10.     MCM pleads that any alleged violation of the FDCPA was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adopted to avoid such error.

11.     MCM reserves the right to assert additional affirmative defenses to the extent warranted by discovery and the factual developments in this case.

Submitted this 30th day of April, 2026.

*[Signatures to Follow]*

24

*/s/M. Ames Filippini*
Ames Filippini
Georgia Bar No. 577150
Email: afilippini@balch.com
**BALCH & BINGHAM LLP**
1901 6th Avenue North
Suite 1500
Birmingham, AL 35203
Telephone:  (205) 251-8100
Facsimile:   (205) 226-8799

*Attorney for Defendant MIDLAND*
*CREDIT MANAGEMENT, INC.*

## <u>CERTIFICATE OF COUNSEL REGARDING FONT SIZE</u>

Counsel certifies that the foregoing has been prepared using Times New Roman font size 14 in accordance with Local Rules 5.1(B)(3) and 7.1(D).

This 30th day of April, 2026.

*/s/M. Ames Filippini*

Ames Filippini

Georgia Bar No. 577150

Email: afilippini@balch.com

**BALCH & BINGHAM LLP**

1901 6th Avenue North

Suite 1500

Birmingham, AL 35203

Telephone:   (205) 251-8100

Facsimile:    (205) 226-8799

*Attorney for Defendant MIDLAND
CREDIT MANAGEMENT, INC.*

## CERTIFICATE OF SERVICE

I certify that on April 30, 2026, I electronically filed **Defendant's Answer to Complaint** with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to all counsel of record.  I further certify that a copy of the foregoing was served upon Plaintiff via electronic mail at the following:

Fredie Johnson
2210 Golden Valley Drive
Lawrenceville, GA 30043
freddieljohnsoniii@gmail.com

/s/ M. Ames Filippini
M. Ames Filippini
Georgia Bar No. 577150